# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON HANJI PARK, | 1:09-cv-01511-JLT HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS MOOT |
| v. | |
| UNITED STATES OF AMERICA, | THIRTY DAY DEADLINE |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, Attach. 2). Both parties have consented to the jurisdiction of the United States Magistrate Judge for all purposes. (Docs. 14 & 23).

Petitioner filed his petition on January 28, 2009 in the United States District Court for the Central District of California, challenging the federal Bureau of Prison's computation of credits. (Doc. 1). Petitioner maintains that he is entitled to an additional twelve months of credit. On August 25, 2009, the case was transferred to this Court from the Central District. (Doc. 10). On January 6, 2010, the Court ordered Respondent to file a response. (Doc. 16). On March 10, 2010, Respondent filed an Answer addressing the merits of Petitioner's claim. (Doc. 26). On April 26, 2010, Petitioner filed a notice of change of address to P.O. Box 872, Fresno, CA 93712. (Doc. 29).

In preparing to address the merits of Petitioner's claim of entitlement to additional credits,

1  the Court has accessed the Bureau of Prison's electronic database, which indicates that Petitioner is
2  no longer in custody.

3        The case or controversy requirement of Article III of the Federal Constitution deprives the
4  Court of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104
5  S.Ct. 373, 374-75 (1983); <u>N.A.A.C.P., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352
6  (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties
7  lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982).  The
8  Federal Court is "without power to decide questions that cannot affect the rights of the litigants
9  before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* <u>Aetna Life Ins.</u>
10 <u>Co. v. Hayworth</u>, 300 U.S. 227, 240-241 (1937).

11       Here, it appears to the Court that Petitioner may have been released from federal custody.
12 Since the only claim made by Petitioner relates to the computation of credits on his sentence, if
13 Petitioner has been released from custody and has already completed his sentence, the issue of the
14 computation of his credits would be moot and the petition would have to be dismissed.  The Court
15 will not expend the resources necessary to address the merits of this petition unless assured by the
16 parties that the claim has not been rendered moot by subsequent events.

17 **ORDER**

18       For the foregoing reasons, the Court HEREBY ORDERS:
19       1.      The parties are ORDERED TO SHOW CAUSE within thirty (30) days of the date of
20           service of this Order why the Petition should not be dismissed as moot.
21       Petitioner and Respondent are forewarned that the failure to comply with this order may
22 result in an Order that the Petition be dismissed pursuant to Local Rule 110.

24 IT IS SO ORDERED.
25 Dated:  **April 22, 2011**                /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE