# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON HANJI PARK,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:09-cv-01511-JLT HC<br><br>ORDER DISMISSING AND DENYING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>NO CERTIFICATE OF APPEALABILITY IS REQUIRED |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1, Attach. 2).  Both parties have filed their written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Docs. 14 & 23).

Petitioner filed his petition on January 28, 2009 as a "Motion for Correction of Sentence" in the United States District Court for the Central District of California, challenging the federal Bureau of Prison's computation of credits.  (Doc. 1).  Petitioner maintains that he is entitled to an additional twelve months of credit.  On August 25, 2009, after construing Petitioner's motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Central District of California transferred the case to this Court.  (Doc. 10).  On January 6, 2010, the Court ordered Respondent to file a response. (Doc. 16).  On March 10, 2010, Respondent filed an Answer addressing the merits of Petitioner's claim.  (Doc. 26).  On April 26, 2010, Petitioner filed a notice of change of address to P.O. Box 872,

1  Fresno, CA 93712. (Doc. 29). On April 22, 2011, the Court, concerned that the issues in the
2  petition may have become moot by Petitioner's change of address, issued an Order to Show Cause
3  why the petition should not be dismissed as moot. (Doc. 33). On May 2, 2011, Petitioner filed a
4  response in which he indicated that the issues in the petition were not moot and that his change of
5  address was occasioned by his temporary transfer to the Fresno County Jail for proceedings in an
6  unrelated matter. (Doc. 34). Accordingly, the Court will address the merits of the petition.

**JURISDICTION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner alleges that he is being unlawfully denied credit against his federal sentence. Petitioner is challenging the execution of his sentence rather than its imposition. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at the time of filing of the petition at the United States Penitentiary, Atwater, California, which lies within

the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed.

## DISCUSSION

Respondent alleges that the petition should be dismissed for failure to exhaust administrative remedies and denied on the merits. The Court agrees.

### I. Failure To Exhaust Administrative Remedies.

Respondent first contends that Petitioner has failed to exhaust his administrative remedies and therefore that the petition should be dismissed. In support of Respondent's argument, Respondent has submitted the Declaration of Jennifer Vickers, a paralegal with the Bureau of Prisons ("BOP"), who declared under penalty of perjury that, as part of her legal duties, she has familiarity with the Administrative Remedy Program of the federal prisons, that she has access to all relevant BOP databases, and that a review of those databases and systems establish that Petitioner has "not filed any administrative remedies at any level regarding any issue, to include any challenge to his sentence calculation." (Doc. 25, Attach. 5, Declaration of Jennifer Vickers ("Vickers Dec."), pp. 1-2).

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

If the petitioner did not properly exhaust his administrative remedies, and such remedies are no longer available, he may have procedurally defaulted on his claims. See Francis v. Rison, 894 F.2d 353, 354-55 (9th Cir.1990) (applying procedural default rules to administrative appeals); see generally Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 86-87

(1977); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. See Francis, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); Murray, 477 U.S. at 492 (cause and prejudice test applied to procedural defaults on appeal); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to pro se litigants).

Here, Petitioner has filed no Traverse and no response to Respondent's contention that the claim in the petition is unexhausted. More significantly, Petitioner's silence on this matter provides this Court with no explanation whatever for his failure to raise this issue with prison officials at any level prior to filing the instant petition in federal court. Lacking any explanation in the present record for Petitioner's failure to exhaust administrative remedies, the Court agrees with Respondent that dismissal for lack of exhaustion is appropriate.

**II. The Petition Is Denied On The Merits.**

However, even if Petitioner's claim fully exhausted, the petition would still fail on its merits.

A. Petitioner's Factual Background.

On September 19, 2007, Petitioner pleaded guilty to one count of conspiracy to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B), in the United States District Court for the Central District of California. (Doc. 27, Attach. 4). Petitioner was sentenced to a federal prison term of sixty months on each count, to be served concurrently. (Id.).

Petitioner's prior criminal history, however, bears directly on the issues raised in this petition. On July 1, 2004, Petitioner was released on parole by California prison authorities from a previously imposed state conviction. (Doc. 25, Ex. 1, Declaration of Forest Kelly ("Kelly Dec."), p. 2). On October 31, 2005, while state on state parole, Petitioner was arrested in Los Angeles, California, by state authorities on the instant offense and for violation of state parole. (Id.). Shortly thereafter, on November 30, 2005, California revoked Petitioner's parole and ordered him returned to state custody for a period of twelve months. (Kelly Dec., Attach 1). Based on a one-year revocation period,

beginning on Petitioner's date of arrest on October 31, 2005, the State of California calculated Petitioner's revocation release date as October 31, 2006. (Id.).

On April 18, 2006, a federal detainer was issued against Petitioner on the drug charges for which he was ultimately convicted and sentenced in the Central District of California. (Doc. 1, Attach. 2). The following day, California authorities became aware of the federal detainer. (Kelly Dec., Attach 1). On June 28, 2006, Petitioner was transferred to the custody of the United States Marshals pursuant to a Writ of Habeas Corpus ad Prosequendum.[1] On October 31, 2006, while Petitioner was still in custody of federal authorities, Petitioner was re-paroled by the State of California on his state sentence, thus establishing exclusive federal custody of Petitioner as of that date. (Kelly Dec., Attach 1).

B.  Calculation of Credits.

Petitioner alleges that he has been denied credit against his federal sentence for time spent in custody from October 31, 2005, the date that California revoked Petitioner's parole and ordered him re-confined on his state conviction, through October 31, 2006, the date California re-paroled Petitioner on the same state conviction. Respondent contends that, until October 31, 2006, Petitioner, although in federal custody from June 28, 2006 until his plea and sentence on September 19, 2007, was duly awarded state credits while serving his parole revocation from October 31, 2005 through October 31, 2006, and is therefore not entitled to earn double credits for the period when he was still on state parole revocation but in federal custody. For the reasons set forth below, the Court agrees with Respondent that Petitioner has received all of the credits to which he is entitled.

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may

---

[1] The U.S. Marshal's Service Prisoner Tracking System indicates that the date Petitioner was taken into federal custody was June 23, 2006. (Doc. 27, Attach 3). Petitioner indicates merely that he was taken into federal custody in "June 2006." (Doc. 7, p. 2). Although the Court is unable to resolve this factual inconsistency on the basis of the present record, the five-day discrepancy is not material to the Court's analysis of the issue raised in the instant petition.

receive credit for any time already spent in custody." <u>United States v. Smith</u>, 812 F.Supp 368, 370 (E.D.N.Y. 1993); <u>Jimenez v. Warden, FDIC, Fort Devens, Mass.</u>, 147 F.Supp.2d 24, 27 (D.Mass.2001); <u>Chambers v. Holland</u>, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996).

    1.  <u>Petitioner's Federal Sentence Commenced On November 1, 2006.</u>

A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1369 (9th Cir. 1991).  Here, Petitioner was sentenced by the Central District of California on September 19, 2007 to serve a 60-month sentence. Although Petitioner was taken into federal custody on June 28, 2006, he was still serving his state parole revocation term for a prior state conviction until October 31, 2006, when the State of California re-released Petitioner on parole.  It is undisputed that Petitioner received full credit from the State of California for this period of parole revocation, despite the fact that, for almost four months of that period, Petitioner was in the physical custody of the federal government.  It is also undisputed that Petitioner has received full credit on his federal sentence for his time in pre-plea custody from November 1, 2006, the date his federal detention began, until September 19, 2007, the date he was convicted and sentenced.  Prior to November 1, 2006, Petitioner was serving his state sentence; after that time, his period of exclusive federal custody commenced.  There is no dispute that Petitioner is entitled to credit against his federal sentence after November 1, 2006, and there is, likewise, no contention raised herein that he has not fully been given such credit.

Petitioner, however, contends that his federal sentence commenced on the date of his placement into custody of federal officials, i.e., June 28, 2006, and not the day following his state parole revocation termination, i.e., November 1, 2006. Petitioner is mistaken.

<u>Thomas v. Brewer</u> is dispositive of the date Petitioner's federal sentence commenced.  In that case, petitioner was arrested on state charges on May 10, 1964.  While in state custody, he was charged in federal court with armed bank robbery.  On three occasions--June 15, 1964, June 23, 1964, and August 4, 1964--petitioner was brought to federal court on a writ of habeas corpus ad prosequendum to answer the federal charges.  On that latter date, August 4, 1964, petitioner was

sentenced to the "maximum period prescribed by law." Thomas, 923 F.2d at 1363.

After his sentencing in federal court, petitioner was returned to state authorities in Los Angeles, where, on August 28, 1964, he appeared in state court and was sentenced to two concurrent terms. Thomas, 923 F.2d at 1363. On February 11, 1965, petitioner was sentenced in state court to a term of life on yet another charge. Id. at 1364. Thomas began serving his state term in California State Institution, Chino, on February 23, 1965. Id. On November 23, 1966, pursuant to a recommendation of the state court, petitioner was turned over to U.S. Marshals to enable concurrent service of petitioner's federal and state terms. At an unknown date in December 1966, petitioner was delivered to the Federal Correctional Institute, Lompoc, California. Id.

Thomas contended in a federal habeas petition that he should be given credit for time in custody between August 4, 1964 and November 23, 1966. Id. The federal district court disagreed and denied Thomas' petition. Id. The Ninth Circuit affirmed, rejecting Thomas' contention that he was in federal custody at the time of his initial federal sentencing on August 4, 1964, and that his federal sentence should therefore run from that date. Id. In so doing, the Ninth Circuit upheld the district court's determination that Thomas' sentence commenced to run on November 23, 1964, the date he was originally released from state prison and turned over to the custody of U.S. Marshals for concurrent service. Id. at 1369 ("Thomas's sentence could not have begun to run until he was received at an institution either to serve his sentence, or to be transported to another institution where his sentence was to be served.").

Applying Thomas to this case, and contrary to Petitioner's assertions, Petitioner was not "received into [federal] custody...to commence service of sentence at the official detention facility at which the sentence is to be served" on June 28, 2006; rather, on that date he was still serving his state parole revocation sentence and was merely transferred, pursuant to a writ of habeas corpus ad prosequendum, to federal custody for proceedings on a separate and new charge. By contrast, Petitioner was indeed "received into [federal] custody" on November 1, 2006, when the State of California released Petitioner on parole once again. Thomas, 923 F.2d at 1369; see United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977)("a federal term cannot begin until a prisoner has been received by federal authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976)("Unless

time is served in federal custody, it does not count as credit for time served under a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950)("his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary").  Accordingly, November 1, 2006 was the date when Petitioner's federal detention "commenced."

### 2. No Entitlement To Credit For Federal Custody Time Pursuant To A Writ of Habeas Corpus Ad Prosequendum.

Insofar as Petitioner argues that his federal sentence commenced when he was first produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum on June 28, 2006, he is also mistaken.  The production of a defendant in state custody to a federal court pursuant to a writ of habeas corpus ad prosequendum does not constitute the commencement of a sentence under federal law.  Taylor v. Reno, 164 F.3d 440, 444-45 (9th Cir. 1998), cert. denied, 527 U.S. 1027 (1999); Thomas, 923 F.2d at 1366-67.  Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner upon satisfaction of the state term.  Taylor, 164 F.3d at 445; Thomas, 923 F.2d at 1366-67.  As the Ninth Circuit has held:

> When an accused [in state custody] is transferred [to federal custody] pursuant to a writ of habeas corpus ad prosequendeum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.

Thomas, 923 F.3d at 1367, *quoting* Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978), *cert. denied*, 441 U.S. 934 (1979).  Thus, in this case, the State of California had primary jurisdiction over Petitioner until October 31, 2006, the date Petitioner's term of incarceration for his prior parole revocation was completed.  Thus, Petitioner is not entitled to credit against his federal sentence for the time between October 31, 2005 and October 31, 2006.

### 3. No Entitlement To Credit For Time Served On State Sentence.

Viewed from another perspective, Petitioner not entitled either to credit against his federal sentence for time credited to his state sentence under 18 U.S.C. § 3585, which provides, inter alia, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence

commences . . . that *has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added).  As noted by Respondent, all of the time Petitioner seeks to have credited against his federal sentence has already been credited toward his state sentence by the State of California. Since Petitioner has received full credit against his state sentence for all time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum through October 31, 2006, he is not entitled to any additional credit against his federal sentence *for the same period of time*.  18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337 ("Congress made clear [in 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time."); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988)(per curium)(applying the precursor to 18 U.S.C. § 3585, and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time"); Rios v. Wiley, 201 F.3d 257, 274-275 (3d Cir. 2000)("[T]he general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for which a pre-sentence credit is sought."); United States v. LaBeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998)("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").  To award Petitioner such credit again would be in direct violation of the governing federal statute.  For all of the reasons set forth above, the Court finds Petitioner is not entitled to habeas corpus relief.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for failure to exhaust administrative remedies, and DENIED with prejudice on the merits;
2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and,
3. No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **May 12, 2011**                                         /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE